**DAILEY, Plaintiff-Appellee, v. DAILEY, Defendant-Appellant.**

Nos. 6006, 6007. Decided August 11, 1959.

## OPINION

By BRYANT, PJ.

The sole question before this court at this time arises upon motions for reconsideration of the decision of this court handed down on April 14, 1959. On that date this court affirmed the action of the Franklin County Common Pleas Court, Division of Domestic Relations, where the

598

motion of Leonard Clarence Dailey, appellant, to discontinue alimony payments was overruled and the action of his former wife, Sylvia D. Dailey, appellee, seeking to hold him in contempt, was sustained and Mr. Dailey was found to be in contempt.

The payments in question were made pursuant to the terms of a separation agreement entered into by the parties in October, 1951, and incorporated in the divorce decree granting the divorce to Mrs. Dailey filed October 25, 1951.

The sole basis for the motions for reconsideration is that the holding of this court is in conflict with the very recent decision of the Ohio Supreme Court in the case of **Hunt v. Hunt, 169 Oh St 276,** decision announced June 3, 1959.

The Hunt case, supra, decided that upon remarriage of the former wife, the right to permanent alimony in fixed monthly installments based upon an agreement between the parties, could be terminated where the agreement does not constitute a property settlement or is not related to support of children.

The first branch of the syllabus in the Hunt case, supra, is as follows:

"Where, in a divorce action, **permanent alimony** is ordered paid by the husband to the wife in a fixed amount per month, payable monthly 'hereafter,' **based upon an agreement between the parties which does not constitute a property settlement** and is not related to support of children, and where the alimony order contains no provision for termination of such payments or reservation of jurisdiction by the court, the subsequent marriage of such wife to another man capable of supporting her constitutes an election on her part to be supported by her new husband and an abandonment of the provision for permanent alimony from her divorced husband." (Emphasis added.)

The decision in the Hunt case, supra, is clearly distinguishable from the case now before us. In the Hunt case, supra, there was no property settlement and could not be any because, as the court found, the husband had no property. In this case (Dailey v. Dailey), there was a large amount of property and the separation agreement determined many property rights, such as (a) giving the residence property to the wife, (b) cutting off the husband's interest in an automobile and (c) providing against possible liability of the wife under joint income tax returns. The Dailey separation agreement clearly constituted a property settlement, taking it outside the rule of the Hunt case, supra.

Another distinction between the pending case and the Hunt case, supra, is that in the latter case the agreement as to alimony payments was indefinite, continuing perhaps for life, while in the Dailey agreement, the so-called alimony payments are thirteen in number and are more nearly like a property settlement in installment payments. There is a provision for payment from the estate of the husband should he die before all the payments are fully paid.

Because of these differences, the holding in the Hnnt case, supra, has no application and the motions of defendant-appellant will be overruled.

DUFFY, J, concurs.
MILLER, J, not participating.